IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALFONSO DAVIS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO.: 3:17-cv-1806 |
| | § | |
| RAGLE, INC. | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

COMES NOW, Plaintiff ALFONSO DAVIS ("Plaintiff"), and complains of Defendant RAGLE, INC. and for his cause of action would show the Court as follows:

## INTRODUCTION

1. This action seeks damages, attorneys' fees, expert fees, taxable costs of the court, pre-judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States and the State of Texas, including 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, and the Texas Commission on Human Rights Act.

## PARTIES

2. Plaintiff ALFONSO DAVIS is a resident of Tarrant County, Texas.

3. Defendant RAGLE, INC.. is an entity which may be served with process by serving its Registered Agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

4. This is a civil action seeking redress for violation of rights guaranteed to the Plaintiff pursuant to 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, and the Texas Commission on Human Rights Act in accordance with those statutes' provisions against race discrimination and

retaliation. More specifically, this action seeks monetary damages and all other appropriate relief to which Plaintiff is entitled to under the law on account of discrimination on the basis of race and on account of retaliation for participating in activity protected under 42 U.S.C. §1981, Title VII, and the Texas Commission on Human Rights Act.

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367.

6. This action lies in the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred substantially in Dallas County, Texas.

## CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

8. Plaintiff, Alfonso Davis, began working for Defendant, Ragle, Inc. on April 1, 2015, as a laborer. Mr. Davis is African-American.

9. During his employment with Ragle, Mr. Davis was subjected to being called racial slurs, including "nigger." During Plaintiff's first assignment, to a highway crew led by a Ragle employee named Cato, he was called "nigger" by Cato. When Mr. Davis reported this to the supervisor, Alejandro Sanchez, Mr. Sanchez just laughed. On that crew, Mr. Davis was regularly expected to do his job without the proper tools, though proper tools were provided to Mr. Davis' non-African-American co-workers. The work on this crew was done in Dallas County, off Northwest Highway.

10. Later in 2015, Mr. Davis was moved to a different crew, led by Hector Claudio. After

Mr. Davis was moved to Mr. Claudio's crew, the racial harassment continued. In October or November of 2015 Mr. Claudio called Plaintiff "nigger." Mr. Davis reported the racial slur to Alejandro Sanchez, his supervisor. Mr. Sanchez said that he would speak to Mr. Claudio about the slur.

11.  In addition to being subjected to racial slurs, during this period of time, while assigned by Mr. Claudio's crew, Mr. Davis was frequently required to do jobs with inadequate tools, such as being asked to use a hand pick for a job requiring a jackhammer. Also during this time, Plaintiff continued to be paid less that his Hispanic counterparts, and though he reported these disparities in pay to management, they continued.

12.  On May 6, 2016, Mr. Claudio accused Mr. Davis of working too slowly on the job. Mr. Davis responded that he was following appropriate safety rules and procedures. Mr. Claudio then shoved Plaintiff and called him "nigger" several times. The two men then went to speak to Mr. Sanchez, the supervisor, and Mr. Davis was sent home while Mr. Claudio was allowed to continue working.

13.  Ragle terminated Mr. Davis' employment the following day, telling him that there was no room on the crews for him.

## CAUSES OF ACTION

### COUNT ONE - DISCRIMINATION AND RETALIATION UNDER 42 U.S.C. § 1981

14.  42 U.S.C. §1981 prohibits race discrimination and retaliation in the making and enforcing of contracts, including the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges and conditions of the contractual relationship.

3

15. Defendant intentionally discriminated against Plaintiff because of his race and in retaliation for his complaints of race discrimination in violation of 42 U.S.C. §1981 by subjecting him to a racially hostile work environment and by unlawfully discharging him. Plaintiff made a discrimination complaint, participated in a discrimination investigation, and opposed a discriminatory practice by Defendant, suffered materially adverse employment actions as a result in that Defendant terminated Plaintiff's employment. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

**COUNT TWO**
**DISCRIMINATION AND RETALIATION UNDER THE**
**TEXAS COMMISSION ON HUMAN RIGHTS ACT**

16. <u>Discrimination</u>. The conduct of the Defendant towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above, among other activities constitutes discrimination on the basis of race, in direct violation of §21.001, et. seq., Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

> "An employer commits an unlawful employment practice if...the employer...discriminates against an individual...or...classifies an employee...in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee."

Plaintiff's race was a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, including the decision to terminate Plaintiff's employment. Plaintiff's race moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

17. <u>Retaliation</u>. In addition, Defendant retaliated against Plaintiff for making discrimination complaints, for participating in a discrimination investigation or otherwise opposing

race discrimination by the employer. See Texas Labor Code §21.055. Plaintiff's discrimination complaints were a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, including the decision to terminate Plaintiff's employment.

### COUNT THREE - DISCRIMINATION AND RETALIATION UNDER TITLE VII

18. Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant. Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint.

19. Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was discriminated against because of his race (African-American) and retaliated against in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e2(a)(1).

20. Defendant is an employer within the meaning of Title VII.

21. Title VII of the Civil Rights Act of 1964 states, in pertinent part, that, "(a) It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

22. Defendant intentionally discriminated against Plaintiff because of his race (African-

American) and his opposition to Defendant's discriminatory conduct in its treatment of Plaintiff.

23.     Defendant intentionally discriminated against Plaintiff because of his race in violation of Title VII by subjecting Plaintiff to the events described above, including but not limited to subjecting Plaintiff to race-based harassment and a racially hostile work environment. The conduct of the Defendant was so severe or pervasive as to create a hostile working environment for the Plaintiff. Because the harassment and hostile work environment went on for over a year, it constitutes a continuing violation of Title VII's prohibition on race-based discrimination.

24.     Defendant further violated Title VII by terminating Plaintiff's employment. Defendant's decision to terminate Plaintiff's employment was motivated by Plaintiff's race and by Plaintiff's opposition to Defendant's discriminatory conduct. Plaintiff made a discrimination complaint and opposed a discriminatory practice by Defendant, suffered adverse employment actions as a result in that Defendant terminated Plaintiff's employment, and there is a causal connection between the making of the discrimination complaint, the opposition to the discriminatory practice and the adverse employment actions. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## DAMAGES

25.     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering,

inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

26. Defendant intentionally engaged in an unlawful employment practice by discriminating and retaliating against Plaintiff. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

27. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages. See Tex. Lab. Code §21.2585(a), (b); 29 U.S.C. §621 *et seq.;* 42 U.S.C. §1981a.

## ATTORNEYS' FEES AND EXPERT FEES

28. A prevailing party may recover reasonable attorneys' and experts' fees under 42 U.S.C. §1981 and the Texas Commission on Human Rights Act. Plaintiff seeks all reasonable and necessary attorneys' fees in this case from Defendant, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees and all costs associated with the prosecution of this action.

## JURY DEMAND

Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay.

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
902 East 5th Street, Suite 207
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile


/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF