IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALFONSO DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-01806-M |
| | § | |
| RAGLE, INC. | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Ragle, Inc. ("Defendant") files its Answer to Plaintiff Alfonso Davis' ("Plaintiff") Complaint. Defendant denies the allegations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

## INTRODUCTION

1.  As for the allegations in Paragraph 1, Defendant admits that Plaintiff alleges violations of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and the Texas Commission on Human Rights Act. Defendant further admits that Plaintiff seeks damages, attorneys' fees, expert fees, taxable court costs, and pre-judgment and post-judgment interest for the alleged violations but denies that Plaintiff is entitled to any such relief.

## PARTIES

2.  Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 2.

3.  As for the allegations in Paragraph 3, Defendant admits that its registered agent for service of process in the State of Texas is CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

4. As for the allegations in Paragraph 4, Defendant admits that Plaintiff seeks redress for alleged violations of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and the Texas Commission on Human Rights Act and that Plaintiff seeks monetary damages and other relief provided by 42 U.S.C. § 1981, Title VII, and the Texas Commission on Human Rights Act but denies that Plaintiff is entitled to any such relief.

5. The allegations in Paragraph 5 contain legal conclusions which do not require denial or admission.

6. The allegations in Paragraph 6 contain legal conclusions which do not require denial or admission.

## CONDITIONS PRECEDENT

7. The allegations in Paragraph 7 contain legal conclusions which do not require denial or admission.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

8. As for the allegations in Paragraph 8, Defendant admits that Plaintiff was hired by Defendant on or about April 1, 2015 to work as a laborer on a construction crew in Texas. Defendant lacks sufficient knowledge to admit or deny that Plaintiff is African-American.

9. Defendant denies the allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

## CAUSES OF ACTION

### COUNT ONE
### DISCRIMINATION AND RETALIATION UNDER 42 U.S.C. § 1981

14. The allegations in Paragraph 14 contain legal conclusions which do not require denial or admission.

15. Defendant denies the allegations in Paragraph 15.

### COUNT TWO
### DISCRIMINATION AND RETALIATION UNDER THE
### TEXAS COMMISSION ON HUMAN RIGHTS ACT

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

### COUNT THREE
### DISCRIMINATION AND RETALIATION UNDER TITLE VII

18. As for the allegations in Paragraph 18, Defendant admits that Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) on or about June 30, 2016. Defendant further admits that the EEOC issued a notice of right to sue on or about April 12, 2017. Defendant also admits that this lawsuit was filed on or about July 10, 2017.

19. The allegations in Paragraph 19 contain legal conclusions which do not require denial or admission.

20. The allegations in Paragraph 20 contain legal conclusions which do not require denial or admission.

21. The allegations in Paragraph 21 contain legal conclusions which do not require denial or admission.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

## DAMAGES

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

## ATTORNEYS' FEES AND EXPERT FEES

28. Defendant admits that Plaintiff seeks attorneys' fees, expert fees, and court costs but denies that Plaintiff is entitled to any such relief. The remaining allegations in Paragraph 28 contain legal conclusions which do not require denial or admission.

## JURY DEMAND

29. Defendant acknowledges that Plaintiff demands a jury trial.

## PRAYER

30. To the extent that the prayer for relief contains allegations to which Defendant is required to respond, Defendant denies each and every allegation.

## AFFIRMATIVE DEFENSES

Defendant's defenses (pleaded in the alternative) are as follows:

1. Defendant affirmatively asserts that to the extent any allegation contained in Plaintiff's Complaint is not expressly admitted, it is denied.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations or other time bars at law or in equity.

3. Some or all of Plaintiff's claims are barred and/or preempted to the extent that Plaintiff failed to exhaust all internal and/or administrative remedies under federal and/or Texas law and/or other applicable statute(s) or otherwise failed to fulfill all conditions precedent to the commencement of an administrative proceeding or filing suit.

4. Plaintiff's discrimination and retaliation claims arising out of events occurring more than 300 days prior to the filing of a charge with the EEOC are barred by limitations.

5. To the extent Plaintiff complains of actions that are outside the scope of his administrative charge, Plaintiff's claims are barred due to failure to exhaust administrative remedies.

6. All employment actions regarding Plaintiff were taken in good faith, based upon legitimate, non-discriminatory and non-retaliatory motives and occurred without malice or reckless indifference to his rights.

7. All employment decisions regarding Plaintiff were based on standards, qualification and/or criteria that are job-related and consistent with business necessity.

8. Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and unclean hands.

9. Defendant has made good-faith efforts to prevent harassment, discrimination, and retaliation in the workplace and to comply with federal and state law prohibiting harassment, discrimination, and retaliation in employment.

10. Plaintiff's claims for damages are barred to the extent he has failed to mitigate or minimize his damages. Alternatively, any claim for relief must be set off and/or reduced by wages, compensation, pay and benefits, or other earnings, remunerations, profits and benefits received by Plaintiff.

11. Defendant affirmatively asserts that Plaintiff is not entitled to any or all of the relief sought in his Complaint.

12. Defendant affirmatively asserts that any injuries or losses allegedly suffered by Plaintiff were not caused by Defendant. Rather, such injuries or losses were caused by Plaintiff or by a third party or person outside of the control of Defendant.

13. Any and all damages claimed by Plaintiff, whether compensatory, actual, equitable, attorneys' fees, or otherwise, are subject to all statutory exclusions and limitations applicable to claims.

14. Defendant has an equal employment opportunity policy that prohibits harassment, discrimination, and retaliation, and Defendant has made good faith efforts to comply with all federal and state civil rights laws.

15. Defendant affirmatively asserts that it has taken reasonable care to prevent or correct promptly any harassing, discriminating, or retaliatory behavior.

16. Plaintiff's race and/or his alleged "protected activities" were not factors in the employment actions taken with respect to him by Defendant. In fact, Defendant states that all decisions made with respect to Plaintiff were based on reasonable factors other than his race and alleged "protected activities."

17. Defendant asserts its entitlement to any allowable credits or offsets against a judgment, if any, in favor of Plaintiff.

18. Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

19. Defendant claims its entitlement to recover attorneys' fees and costs of suit.

20. Any action taken outside the course and scope of an employee's employment and contrary to Defendant's policies, was not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

21. If Plaintiff is able to show any discrimination occurred, which Defendant denies, Defendant reserves the right to assert a mixed motive defense.

22. Defendant engaged in good faith efforts to comply with the civil rights laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or

carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of any state or federal law, and therefore, Plaintiff fails to state a claim for punitive damages.

23. Any award of damages that does not bear a relationship to specific acts or omissions actually committed by Defendant or harm actually suffered by Plaintiff would violate Defendant's rights under the Constitution of the United States and/or would be barred.

24. An excessive damages award would violate Defendant's rights under the Constitution of the United States and/or would be otherwise barred.

25. Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or may appear during discovery in this case and hereby reserves the right to amend this answer to assert any such defense.

DATED:  August 2, 2017                             Respectfully submitted,

/s/ Talley R. Parker
Talley R. Parker
Texas State Bar No. 24065872
talley.parker@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
(214) 520-2400 – Telephone
(214) 520-2008 – Facsimile

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

On August 2, 2017, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically, as authorized by Federal Rule of Civil Procedure 5(b)(2), including the following:

Kell A. Simon
THE LAW OFFICES OF KELL A. SIMON
902 East 5th Street, Suite 207
Austin, Texas 78702

/s/ Talley R. Parker
Talley R. Parker